David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd., P.O. Box 323
Southampton, NY 11969-0323
Tel: 631.287.5520
Fax: 631.283.4735
email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
Tel: 323-790-4881
email: MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE,<br>Plaintiff,<br>v.<br>LIGHT and WONDER, INC.,<br>Nominal Defendant,<br>and<br>HAMISH MCLENNAN,<br>Defendant. | 26-8743<br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br>**<u>JURY TRIAL DEMANDED</u>** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge:

**JURISDICTION AND VENUE:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa. The alleged §16(b) sale was executed within this District.

**THE PARTIES:**

Plaintiff is a security owner of LIGHT and WONDER, INC. ("LIGHT and WONDER"), a Nevada corporation with principal offices at 6601 Bermuda Road, Las Vegas, NV 89119.

2. At all times relevant the common stock of LIGHT AND WONDER was registered under Section 12(g) of the Act, 15 U.S.C. § 78*l* and traded through markets within the district.

3. This action is brought in the right and for the benefit of LIGHT AND WONDER which is named as a Nominal Defendant solely to have all necessary parties before the Court.

4. At all times relevant HAMISH MCLENNAN ("MR. MCLENNAN") was and is a director of LIGHT AND WONDER.

5. MR. MCLENNAN has an office or may be found c/o LIGHT AND WONDER at its offices listed in paragraph 2, above.

**STATUTORY REQUISITES:**

6. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

7. Demand for prosecution was made on August 15, 2025, by e-mail and first-class mail. There has been no response received from LIGHT AND WONDER and more than 60 days have expired. Further delay in instituting suit would be a futile gesture.

8. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10. MR. MCLENNAN sold, *inter alia,* 5,000 shares of Common stock of LIGHT AND WONDER on February 28, 2025, at a price of $110.58 per share.

11. On August 12, 2025, within less than six months of the sales aforesaid, MR. MCLENNAN purchased 1,380 shares of the common stock of LIGHT AND WONDER. at $87.61/share.

14. MR. MCLENNAN realized short-swing profits in amounts presently unknown to the Plaintiff but estimated to exceed $ 30,360 . These profits belong to LIGHT AND WONDER and are recoverable by Plaintiff on its behalf and for its benefit, LIGHT AND WONDER having declined to do so itself.

**SECOND CLAIM FOR RELIEF:**

15. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the course of this action.

16. MR. MCLENNAN, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of LIGHT AND WONDER within periods of less than six months of each other while a more than 10% beneficial owner of LIGHT AND WONDER, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

17. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of LIGHT AND WONDER, MR. MCLENNAN realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, LIGHT AND WONDER

**WHEREFORE**, Plaintiff demands judgment:

a. Requiring MR. MCLENNAN to account for and to pay over to LIGHT AND WONDER all short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b. Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c. Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.

Dated: Southampton, New York
October 2, 2026

Yours, etc.

David Lopez, Esq. (DL-6779)
Miriam Tauber, Esq. (MT-1979)
*Attorneys for Plaintiff*